Matter of Jacob P. E. (Gustavo P. S.) (2018 NY Slip Op 04717)





Matter of Jacob P. E. (Gustavo P. S.)


2018 NY Slip Op 04717


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-06945
 (Docket No. N-3071-16)

[*1]In the Matter of Jacob P. E. (Anonymous). Administration for Children's Services, respondent;
and
Gustavo P. S. (Anonymous), appellant. Jill M. Zuccardy, New York, NY, for appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Jeremy W. Shweder and John Moore of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Joan L. Piccirillo, J.), dated June 12, 2017. The order denied the father's motion, inter alia, to modify an order of disposition of the same court dated November 10, 2016, so as to grant a suspended judgment and to vacate an order of fact-finding of the same court dated April 27, 2016, which, upon his consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), found that he neglected the subject child.
ORDERED that the order dated June 12, 2017, is affirmed, without costs or disbursements.
In February 2016, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the father neglected the subject child by subjecting the mother to acts of domestic violence in the child's presence and abusing alcohol. In an order of fact-finding dated April 27, 2016, upon the father's consent to the entry of an order of fact-finding without admission pursuant to Family Court Act § 1051(a), the Family Court found that he neglected the child as alleged in the petition. On November 10, 2016, the court issued an order of disposition releasing the child, upon consent, to the custody of the mother under ACS supervision until May 10, 2017. In February 2017, the father moved to modify the order of disposition so as to grant a suspended [*2]judgment pending expiration of ACS's supervision on May 10, 2017, and to vacate the order of fact-finding and dismiss the petition upon the expiration of the supervision period. ACS and the attorney for the child opposed the motion. In an order dated June 12, 2017, the court denied the father's motion. The father appeals from the order dated June 12, 2017.
Pursuant to Family Court Act § 1061, the Family Court may set aside, modify, or vacate any order issued in the course of a child protective proceeding "[f]or good cause shown." "The statute expresses the strong Legislative policy in favor of continuing Family Court jurisdiction over the child and family so that the court can do what is necessary in the furtherance of the child's welfare" (Matter of Boston G. [Jennifer G.], 157 AD3d 675, 677 [internal quotation marks omitted]). "As with an initial order, the modified order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (Matter of Myeenul E. [Mizanul E.], 160 AD3d 848, 850 [internal quotation marks omitted]; see Matter of Boston G. [Jennifer G.], 157 AD3d at 677; Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 9).
Here, the record supports the Family Court's determination that the father failed to demonstrate that modifying the order of disposition so as to grant a suspended judgment pending the end of ACS's supervision and vacating the order of fact-finding and dismissing the petition upon the expiration of the supervision period served the child's best interests. Accordingly, the Family Court did not improvidently exercise its discretion in denying the father's motion.
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court